UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELBERT HUGHES,

        Petitioner,

v.

        CASE NO. 2:13-CV-14790
        HONORABLE GERSHWIN A. DRAIN

CARMEN PALMER,

        Respondent.
_____/

**OPINION AND ORDER GRANTING MOTION TO HOLD HABEAS PETITION IN ABEYANCE [#7], STAYING CASE, AND ADMINISTRATIVELY CLOSING CASE**

    This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Delbert Hughes ("Petitioner") was convicted of first-degree felony murder, MICH. COMP. LAWS § 750.316(1)(b), felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court in 2010. He was sentenced as a second habitual offender, MICH. COMP. LAWS § 769.10, to life imprisonment without the possibility of parole on the murder conviction, a concurrent term of 22 months to five years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction.

    In his pleadings, Petitioner raises claims concerning the sufficiency of the evidence, the admission of police opinion testimony, the effectiveness of trial counsel, and the prosecutor's knowing use of false testimony at trial and the preliminary examination. This matter is before the Court on Petitioner's motion to hold his habeas petition in abeyance

so that he can return to state court to exhaust his remedies as to unexhausted claims concerning the notice of the charges and the effectiveness of appellate counsel.

Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. The petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner seeks a stay so that he may present at least two new claims to the state courts by filing a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq.* with the state trial court and then pursuing appeals as necessary. A

federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id.* at 277.

Petitioner has shown the need for a stay. His new claims are unexhausted and the one-year limitations period applicable to federal habeas actions could pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). Additionally, given that Petitioner alleges that appellate counsel was ineffective, he may be able to show good cause for failing to previously present his claims in the state courts. The unexhausted claims do not appear to be plainly meritless at this time and there is no evidence of intentional delay. Petitioner's unexhausted claims should be addressed to, and considered by, the Michigan courts in the first instance. Therefore, the Court hold the petition in abeyance and stay the proceedings pending his completion of that process.

Accordingly, Petitioner's motion to hold his habeas petition in abeyance [#7] is GRANTED. The case is stayed and the petition is held in abeyance. The stay is conditioned on Petitioner presenting his unexhausted claim to the state courts within 60 days of this order by filing a motion for relief from judgment with the trial court. *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's

return to this Court with a motion to reopen and amend his petition, using the same caption and case number, within 60 days after fully exhausting state court remedies. *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be dismissed. Lastly, this case is CLOSED for administrative purposes pending compliance with these conditions.

    SO ORDERED.

                          /s/ Gershwin A Drain  
                          GERSHWIN A. DRAIN  
                          UNITED STATES DISTRICT JUDGE

Dated: February 13, 2014