UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DELBERT HUGHES,

       Petitioner,

                                CASE NO. 2:13-CV-14790
v.                             HONORABLE GERSHWIN A. DRAIN

CARMEN PALMER,

       Respondent.
_____/

**OPINION AND ORDER RE-OPENING CASE, DISMISSING THE
PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A
CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO
PROCEED *IN FORMA PAUPERIS* ON APPEAL**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan

prisoner Delbert Hughes ("Petitioner") was convicted of first-degree felony

murder, MICH. COMP. LAWS § 750.316(1)(b), felon in possession of a firearm,

MICH. COMP. LAWS § 750.224f, and possession of a firearm during the

commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial

in the Wayne County Circuit Court in 2010. He was sentenced as a second

habitual offender, MICH. COMP. LAWS § 769.10, to life imprisonment without the

possibility of parole on the murder conviction, a concurrent term of 22 months

to five years imprisonment on the felon in possession conviction, and a

consecutive term of two years imprisonment on the felony firearm conviction.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the sufficiency of the evidence, the admission of police opinion testimony, the effectiveness of trial counsel, and the alleged use of perjured testimony at the preliminary examination and trial. The court denied relief on those claims and affirmed Petitioner's convictions. *People v. Hughes*, No. 301332, 2012 WL 2402050 (Mich. Ct. App. Jun. 26, 2012) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Hughes*, 493 Mich. 921, 823 N.W.2d 564 (Dec. 26, 2012).

Petitioner dated his federal habeas petition on November 18, 2013. In that petition, he raised the same claims presented to the state courts on direct appeal. Petitioner subsequently moved to stay the proceedings so that he could return to the state courts and exhaust additional issues concerning the notice of the charges and the effectiveness of appellate counsel. On February 13, 2014, the Court granted Petitioner's motion to stay the proceedings and administratively closed the case. The stay was conditioned on Petitioner presenting his unexhausted claims to the state courts within 60 days of the Court's order and, if he was unsuccessful in the state courts, moving to lift the

stay to re-open the case and proceed on an amended petition within 60 days after the conclusion of the state collateral review proceedings.

On April 21, 2014, Petitioner filed a motion for relief from judgment with the state trial court, which was denied on October 6, 2014.  *See* Register of Actions, *People v. Hughes*, Wayne Co. Cir. Ct. Case No. 09-022390-01-FC. Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was dismissed as untimely under Michigan Court Rule 7.205(G)(3) (providing a six-month appeal period).  *People v. Hughes*, 326991 (Mich. Ct. App. May 12, 2015).  It does not appear that Petitioner sought leave to appeal with the Michigan Supreme Court.  Rather, on July 21, 2015, he filed a second motion for relief from judgment with the state trial court, which was denied on July 18, 2016.  *See* Register of Actions, *People v. Hughes*, Wayne Co. Cir. Ct. Case No. 09-022390-01-FC.  Petitioner has not appealed that decision and would be precluded from doing so under Michigan Court Rule 6.502(G) (stating that a defendant "may not appeal the denial or rejection of a successive motion" for relief from judgment).

This matter is now before the Court on Petitioner's letter request seeking to re-open this case, which was filed on October 31, 2016.  Petitioner did not file an amended habeas petition with his request.  The Court now **RE-OPENS**

-3-

the case for the limited purpose of determining whether Petitioner should be allowed to proceed on his habeas claims.

Petitioner's request to proceed on his habeas claims must be denied because he failed to comply with the conditions set forth in the Court's order staying and administratively closing the case.  The Court conditioned the stay on Petitioner returning to state court within 60 days of the Court's stay order, exhausting his state court remedies, and then moving to re-open his case on an amended petition within 60 days of the conclusion of his state collateral review proceedings.  Petitioner did not do so.  First, he did not return to the state trial court within 60 days of this Court's stay order given that the order was signed on February 13, 2014 and he filed his first motion for relief from judgment with the state trial court on April 21, 2014.  Second, he did not properly exhaust his claims in the state courts because he did not timely seek leave to appeal with the Michigan Court of Appeals (or the Michigan Supreme Court).  Third, he did not return to this Court within 60 days of the conclusion of his state collateral review proceedings given that those proceedings ended, at the latest, on July 18, 2016 when the state trial court denied his second motion for relief from judgment and he filed his letter request to re-open this case on October 31, 2016.  Fourth, he did not file an amended petition with

-4-

his request to re-open the case. Consequently, Petitioner has failed to comply with the conditions of the stay.

Accordingly, the Court **DENIES** Petitioner's letter request to proceed on his habeas claims. Rather, in accordance with precedent from the United States Court of Appeals for the Sixth Circuit, the Court **VACATES** the stay as of the date it was entered, February 13, 2014, and **DISMISSES** the petition for a writ of habeas corpus. *See Palmer v. Carlton*, 276 F.3d 777, 780-82 (6th Cir. 2002) ("If either condition of the stay is not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed."); *see also Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (affirming district court's dismissal of petition based upon petitioner's failure to comply with conditions of stay). This case is **CLOSED** for all purposes.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the merits of a habeas claim, a certificate of appealability should

issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

**IT IS SO ORDERED.**

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: November 15, 2016

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and upon Delbert Hughes,
#625617, E.C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights,
MI, 49444 on November 15, 2016, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk